PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MATTHEW CHANG (CABN 348765)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5037
    Matthew.Chang2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 22-CR-00384-EJD |
|     Plaintiff, | ) |
| | ) UNITED STATES' SENTENCING |
|   v. | ) RECOMMENDATION |
| | ) |
| JESUS VEGA-MENDOZA, | ) |
| | ) |
|     Defendant. | ) |

    Defendant Jesus Vega-Mendoza is scheduled for sentencing on April 28, 2025, in the above-captioned matter.  Pursuant to the plea agreement (ECF 29), the Government recommends the Court impose a sentence of forty-six (46) months in custody, no fine, and three years of supervised release.

## I.     Factual Background

    On August 26, 2024, Mr. Vega-Mendoza pleaded guilty to Count One of the Indictment—violating 18 U.S.C. § 1326(a) and (b)(2)—pursuant to a written plea instrument. ECF 2, 28, and 29.  Accordingly, parties agreed to the following Sentencing Guideline Calculations:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2L1.2: | **8** |
| § 2L1.1(b)(1)(A) (Prior Conviction for Felony Illegal Reentry) | **+4** |
| § 2L1.2(b)(2)(C) (Prior Conviction Pre-Deportation w/ Sentence > 13 months) | **+6** |

| | |
|---|---|
| § 2L1.2(b)(3)(B) (Prior Conviction Post-Deportation w/ Sentence ≥ 2 years) | **+8** |
| Adjustments under U.S.S.G. Ch. 3 | **0** |
| Acceptance of Responsibility: | **-3** |
| Adjusted Offense Level: | **23** |

ECF 29. The parties reached no agreement regarding Mr. VEGA-MENDOZA's Criminal History Category. *Id.* The United States incorporates by reference the additional facts contained in the United States Probation Office's Revised Presentence Investigation Report. ECF 37.

## II.    Recommended Sentence

Pursuant to the written plea agreement, the United States recommends a sentence of 46 months in custody, no fine, and three (3) years of supervised release. ECF 29. The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

3. the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

4. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In view of the § 3553(a) factors, the Government notes that Mr. VEGA-MENDOZA has an extensive criminal history and has been removed from the United States on three separate occasions. ECF 37. Mr. VEGA-MENDOZA has demonstrated a lack of respect for the law, evidenced not only by his violation of previous removal orders but also by his continued engagement in criminal behaviors. Moreover, VEGA-MENDOZA's recent and repetitive history of violent and drug-related crimes pose a

1  significant risk to public safety. That is, Mr. VEGA-MENDOZA's prior convictions for assault on a peace

2  officer (2022); attempted escape from jail (2019); possession of a controlled substance (2020); stalking

3  by repeated following or malicious harassing (2019); and even a prior conviction for illegal reentry after

4  deportation (2004), among numerous other convictions, cannot be minimized.

5  The Government also acknowledges it is appropriate for the Court to consider mitigating factors

6  in Mr. VEGA-MENDOZA's personal history, namely, his continued struggles with drug addiction,

7  cognitive behavior issues, and his efforts to escape economic hardship. Thus, a sentence of **forty-six (46)**

8  **months**—a variance representing half of the low-end of the applicable guidelines—is justified to reflect

9  the seriousness of the offense, promote respect for the law, provide just punishment for the law, and afford

10  adequate deterrence to criminal conduct. Taking all the factors together in their totality, the Government

11  joins U.S. Probation and respectfully submits that a sentence of forty-six (46) months is an appropriate

12  outcome in this case.

13  **III.  Conclusion**

14  Pursuant to the plea agreement, the United States respectfully requests the Court sentence Mr.

15  Jesus VEGA-MENDOZA to **forty-six (46) months incarceration, no fine, and three years of**

16  **supervised release**. ECF 29. This sentence is sufficient, but not greater than necessary to satisfy the aims

17  of 18 U.S.C. § 3553(a).

18

19  DATED:  April 21, 2025                              Respectfully submitted,

20                                                                      PATRICK D. ROBBINS

21                                                                      Acting United States Attorney

22                                                                      /s/

23                                                                      _____

                                                                        MATTHEW CHANG

24                                                                      Assistant United States Attorney

25

26

27

28